Courtesy Copy

D/F ORIGINAL

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ [illegible] 13 2003 ★
P.M.
TIME A.M.

SLR:OEM
2002V03731

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

Plaintiff,

- against -

UNITED STATES CURRENCY IN THE AMOUNT OF EIGHT HUNDRED EIGHTEEN THOUSAND, ONE HUNDRED SIXTY-THREE DOLLARS ($818,163.00), MORE OR LESS; JEWELRY SEIZED ON OR ABOUT OCTOBER 9, 2002, AND LISTED IN THE APPENDIX ANNEXED HERETO; and ALL PROCEEDS TRACEABLE THERETO,

Defendants.

- - - - - - - - - - - - - - - - - - - - X

STIPULATION OF SETTLEMENT AND ORDER OF FORFEITURE

Civil Action No.
CV-02-6365

(Ross, J.)
(Pohorelsky, M.J.)

WHEREAS, as a result of the Verified Complaint In Rem, filed on December 4, 2002, and amended on December 19, 2002, and the Summons and Warrant for Arrest of Articles In Rem, issued on December 7, 2002, and Supplemental Summons and Warrant for Arrest of Articles In Rem, issued on December 19, 2002, the defendants in rem, consisting of United States currency in the Amount of Eight Hundred Eighteen Thousand, One Hundred Sixty-Three Dollars ($818,163.00), More or Less, and Jewelry Seized on or About October 9, 2002, and Listed in the Appendix Annexed Hereto, and All Proceeds Traceable Thereto (the "Defendant Currency and Jewelry"), were seized by duly authorized law enforcement personnel of the Department of Homeland Security, Bureau of Customs and Border

Protection ("CBP") pending further order of the court; and

WHEREAS, the United States sent notice of the Summons and Warrant, and Amended Summons and Warrant for Arrest of Articles In Rem to all interested parties and published notice of the orders in the New York Post, a newspaper of general circulation;

WHEREAS, on or about December 29, 2002, Claimant Narain filed his Statement of Interest against $521,196.00 of the Defendant Currency; and

WHEREAS, on or about December 29, 2002, Claimant Disha Jewelers, Inc., by its president Narain Mirchandani, filed its Statement of Interest and Amended Statement of Interest against $361,680.00 of the Defendant Currency, and on the same day filed its Amended Statement of Interest against $521,196.00 of the Defendant Currency; and

WHEREAS, on or about January 21, 2003, Nila Bhagwanani and Deepak Bhagwanani filed Statements of Interest against $59,747.00 of the Defendant Currency; and

WHEREAS, on or about January 29, 2002, Claimant Ghanshyam Mirchandani filed his Statement of Interest against $361,680.00 of the Defendant Currency; and

WHEREAS, on or about January 29, 2003, Claimant Sadashiv, Inc., d/b/a/ Devisions, by its president Ghanshyam Mirchandani, filed its Statement of Interest and Amended Statement of Interest against $361,680.00 of the Defendant Currency; and

WHEREAS, Claimant Deepak Bhagwanani agreed to settle his claim for $10,000.00 and to withdraw with prejudice his claim; and

WHEREAS, on or about April 14, 2003, Claimant Deepak Bhagwanani withdrew with prejudice his claim against the Defendant Currency and Jewelry; and

WHEREAS, on or about April 14, 2003 Claimant Nila Bhagwanani withdrew with prejudice her claim against the Defendant Currency and Jewelry; and

WHEREAS, on or about April 14, 2003, Claimants Narain Mirchandani and Disha Jewelers, Inc., withdrew with prejudice their claims against the Defendant Currency and Jewelry; and

WHEREAS, no other claims were filed in connection with the Summons and Warrant and Amended Summons and Warrant for Arrest of Articles In Rem, and the time to do so has long since expired; and

WHEREAS, on or about June 20, 2003, this Court issued its Partial Decree of Forfeiture and Order of Delivery, forfeiting and condemning to the use and benefit of the United States portions of the Defendant Currency, to wit, the sums of $393,536.00 in United States currency, $49,536.00 in United States currency, and $3,200.00 in United States currency, and certain specified items of the Defendant Jewelry seized on or about October 2, 2002 from a safety deposit box at JP Morgan Chase, consisting of:

a. 108 gold chains;

b. 147 pieces of gold earrings;

c. 109 gold rings;

d. 49 watches;

e. 28 gold charms;

f. 233 miscellaneous gold pieces, clasps and links;

g. 130 loose stones;

h. 35 gold bracelets; and

i. 1 gold coin; and

WHEREAS, the United States and the sole remaining claimants, Ghanshyam Mirchandani and Sadashiv, Inc., d/b/a Devisons, by its president Ghanshyam Mirchandani desire to resolve the remaining claim filed in connection with the remaining portions of the Defendant Currency;

IT IS HEREBY STIPULATED AND AGREED by and between the United States of America, by its attorney, Roslynn R Mauskopf, United States Attorney for the Eastern District of New York, Orelia E. Merchant, Assistant United States Attorney, of counsel, and the claimants Ghanshyam Mirchandani and Sadashiv, Inc., d/b/a Devisons, by its president Ghanshyam Mirchandani ("Claimants"), through counsel Joshua L. Dratel, Esq., Joshua L. Dratel, P.C., that the remaining claim be settled and compromised on the following terms and conditions:

1. Claimants represent that they are the sole remaining persons with an ownership interest in the Defendant Currency.

2. The Claimants agree to withdraw their claims with prejudice to the Defendant Currency.

3. In consideration of the above and contingent upon satisfaction of all terms and conditions of this Stipulation by the Claimants, the Claimants agree to accept the sum total of $200,000.00 in full and final settlement of their claims against the Defendant Funds and Currency.

4. The Bureau of Customs and Border Protection, Department of Homeland Security and its authorized agents and/or contractors are hereby authorized to dispose of the remaining $161,680.00, plus all interest accrued on the Defendant Currency, if any, in accordance with all laws and regulations.

5. Effective upon the United States and the Claimants' full execution and delivery of this Stipulation, Claimants hereby agree to release, hold harmless and indemnify the United States, its officers, agents and employees and/or representatives, past or present, from and against any claim for relief or cause of action for any condition or action in any way connected to or arising from the provisions of this Stipulation.

6. The foregoing payment of funds to the Claimants by the United States shall constitute full and final settlement of any and all claims of the Claimants and their assigns, heirs, representatives, and successors against the United States of America and its agents and officers, past and present, on account

of the forfeiture of the Defendant Currency set forth in this Stipulation and the Claimants, claims.

7. Claimants waive their rights, if any, to use the instant action or its settlement as a basis for any statutory or constitutional defense including, without limitation, defenses based upon the double jeopardy provisions of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment in any civil, criminal or administration action.

8. Claimants agree that this Stipulation of Settlement does not entitle them to seek or to obtain from the United States and any of its agencies, agents, officers or employees, past and present, attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, and/or the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), and Claimants further waive any right to seek from the United States and any of its agencies, agents, officers or employees, past and present, attorneys' fees, costs, and expenses that may arise under said provision of law or any other provision.

9. The provisions contained in this Stipulation shall constitute full and final settlement of Claimants' claims in the above-captioned action as against the Defendant Funds and Jewelry, as well as full and final settlement of the claims, if any, of the Claimants' agents, either collectively or individual, employees, officers, heirs and directors against the United States of America,

its agents, employees and representatives, past and present, and shall not be construed in any manner to reflect the merits of the causes of action, claims or defenses asserted in this action.

10. This agreement may be executed in counterparts, each of which shall be deemed an original, but all of which shall constitute one instrument.

11. This Court shall retain jurisdiction to enforce the terms of this Stipulation of Settlement.

Dated: Brooklyn, New York
July 6, 2005

ROSLYNN R. MAUSKOPF
United States Attorney
Eastern District of New York
*Attorney for Plaintiff*
One Pierrepont Plaza, 14th Fl.
Brooklyn, New York 11201

By: [signature]
Orelia E. Merchant
Assistant U.S. Attorney
(718) 254-6058

AGREED AND CONSENTED TO:

[signature]
GHANSHYAM MIRCHANDANT,
Personally, and as President
of Sadashiv, Inc.
d/b/a Devisons

[signature]
Joshua L. Dratel, Esq.
Joshua L. Dratel, P.C.
14 Wall Street, 28th Fl.
New York, New York 10005
*Counsel for Claimants*
*Narain Mirchandani and*
*Disha Jewelers, Inc.*

ACKNOWLEDGMENT

On July 6th, 2005, before me, Kristian Karl Larsen personally came Ghanshyam Mirchandani, known to me and who by me duly sworn and say that he is the deponent and that he authorized, consented and agreed to the settlement of this action as set forth above, and that deponent signed the deponent's name by like order.

[signature]
NOTARY PUBLIC

KRISTIAN LARSEN
NOTARY PUBLIC STATE OF NEW YORK
KINGS COUNTY
LIC.# 02LA6047027
COMM. EXP. 8/21/2006

SO ORDERED:

[signature] 7/12/05
ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE

SIR:

**PLEASE TAKE NOTICE** that the within will be presented for settlement and signature to the Clerk of the United States District Court in his office at the **UNITED STATES DISTRICT COURT U.S.** Courthouse, 225 Cadman Plaza East, **EASTERN DISTRICT OF NEW YORK** Brooklyn, New York, on the ________ day of _____, 20___, at 10:30 o'clock in the forenoon.

Dated: Brooklyn New York,

______________________ 20____

______________________

United States Attorney,

Attorney for ________________

To:

______________________

______________________

______________________

Attorney for ________________

**SIR:**

**PLEASE TAKE NOTICE** that the within is a true copy of __________ duly entered herein on the ____ day of ________________ ________, in the office of the Clerk of the Eastern District of New York,

Dated: Brooklyn, New York

______________________, 20___

United States Attorney,

Attorney for ________________

To:

______________________

______________________

______________________

Attorney for ________________

---

Civil Action Index No. CV-02-6365

**UNITED STATES DISTRICT COURT**
Eastern District of New York

UNITED STATES OF AMERICA,

Plaintiff,

- against-

UNITED STATES CURRENCY IN THE AMOUNT OF EIGHT HUNDRED EIGHTEEN THOUSAND, ONE HUNDRED SIXTY-THREE DOLLARS ($818,163.00), MORE OR LESS; JEWELRY SEIZED ON OR ABOUT OCTOBER 9, 2002, AND LISTED IN THE APPENDIX ANNEXED HERETO; and ALL PROCEEDS TRACEABLE THERETO,

Defendants.

**STIPULATION OF SETTLEMENT AND ORDER OF FORFEITURE**

ROSLYNN R. MAUSKOPF

United States Attorney,
Attorney for EDNY
Office and Post Office Address,
United States Courthouse
One Pierrepont Plaza
Brooklyn, New York 11201

Due service of a copy of the within ________ ________ is hereby admitted.

Dated: ______________, 20______

______________________

Attorney for ________________
ORELIA E. MERCANT, AUSA
(718) 254-6058